UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKSON NATIONAL LIFE
INSURANCE COMPANY, et al.,

       Plaintiff,                                                Hon. Janet T. Neff

v.                                                              Case No. 1:12-cv-00691

SCHARF GROUP, LLC,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 14), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). A hearing on the motion was held October 31, 2012.

The complaint in this matter was filed on June 29, 2012 (Dkt. 1). According to the summons return (Dkt. 8), the Scharf Group was served on July 18, 2012 by personal service on John Calcaterra, CCO, making defendant's answer due August 8, 2012. Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant Scharf Group, LLC on August 24, 2012 (Dkt. 11).

On September 24, 2012, plaintiff Jackson National Life Insurance Company ("Jackson National"), by and through its attorneys, Dickinson Wright PLLC, filed its motion for default judgment (Dkt. 14) pursuant to Fed. R. Civ. P. 55 against defendant Scharf Group, LLC ("Scharf

Group"). In response to the notice of hearing on the motion for default judgment (Dkt. 16), plaintiff filed a proof of service of the motion and notice of hearing on the defaulting defendant (Dkt. 18). Plaintiff, through counsel, appeared for the October 31, 2012 hearing on the motion for default judgment. Defendant Scharf Group, LLC did not appear for the hearing or contact the court in any way.

## THE PARTIES

The following is a paraphrase of plaintiff's statement of the facts of this case (see Dkt. 14). Jackson National is a provider of life insurance, annuity underwriting and financial advisory services, including retirement planning services. In connection with these financial services, Jackson National developed a retirement planning program called RETIREMENTOLOGY (see Complaint, Dkt. 1, at ¶ 8-9). Jackson National is also the owner of two federal registrations for the mark RETIREMENTOLOGY:

(1) RETIREMENTOLOGY, U.S. Registration No. 3,832,272 for "investment and financial advisory services," registered on August 10, 2010 (Dkt. 14, Exh. A). This mark was first used in United States commerce in connection with the identified services no later than May 24, 2010; and

(2) RETIREMENTOLOGY, U.S. Registration No. 3,752,615, for "educational services, namely, conducting seminars, conferences, and/or workshops in the field of personal investment and financial planning and distributing seminar materials in connection therewith," registered on February 23, 2010 (Dkt. 14, Exh. A). This mark was first used in United States commerce in connection with the identified services no later than October 5, 2009.

Scharf Group is believed to also offer financial planning services and on June 19, 2011 it filed an application in the United States Patent and Trademark Office ("USPTO") to register RETIREMENTOLOGIST is as a mark for "insurance & financial services, namely retirement

planning services." (Dkt. 1 at ¶ 17). On October 7, 2010, the Scharf Group registered the domain name [www.retirementologist.com.](www.retirementologist.com.) The website prominently features the RETIREMENTOLOGIST mark (Dkt. 1 at ¶ 19).

On May 14, 2012, the USPTO issued a Final Office Action upholding its previous refusal to register the RETIREMENTOLOGIST mark, finding it confusingly similar to Jackson National's previously registered RETIREMENTOLOGY marks, in that it is likely to cause confusion, mistake or deception as to the source, origin or authenticity of defendant's services and is likely to lead the public to conclude that the services that the Scharf Group was advertising, marketing and/or selling originate with or are authorized by Jackson National, when in fact they are not. (Dkt. 1 at ¶ 23).

As defendant has not answered or otherwise pled, the allegations against defendant Scharf Group, LLC are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct

hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

 (A) conduct an accounting;

 (B) determine the amount of damages;

 (C) establish the truth of any allegation by evidence; or

 (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2). The Scharf Group, LLC is not a minor or an incompetent person or a member of the military services.

## DISCUSSION

Following the hearing on October 31, 2012, the undersigned ordered plaintiff to submit support for any claim in excess of the minimum statutory damages for the reason that the period the RETIREMENTOLOGIST mark was in use appears to have been very brief, and the Scharf Group appears to have properly attempted to have the mark registered, albeit unsuccessfully. The undersigned further requested during the hearing that plaintiff provide authority for relief that it sought in the default judgment, specifically that the court order that defendant immediately transfer ownership of the domain name www.retirementologist.com to plaintiff Jackson National. Finally, the undersigned ordered that plaintiff submit a detailed affidavit supporting the amount of attorney fees and costs requested. Plaintiff has fully complied with the undersigned's order (Dkt. 20) and with the requirements of Fed. R. Civ. P. 55 (Dkt. 21). Also, plaintiff reduced its request in the proposed judgment to minimum statutory damages (Dkt. 21). As such, the

undersigned recommends that Plaintiff's Motion for Default Judgment (Dkt. 14) with supplementary brief (Dkt. 21) be GRANTED, and that the Proposed Default Judgment for damages, permanent injunctive relief and attorney fees attached to that supplementary brief (Dkt. 21) be entered by the court.

Respectfully submitted,

Date: December 17, 2012    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).